
FILED
2009 Dec-08 PM 12:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| ERIKA REXRODE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 2:09-CV-01449-LSC |
| ) | |
| ALABAMA SPORTS MEDICINE ) | |
| AND ORTHOPAEDIC CENTER, ) | |
| ANDREWS SPORTS MEDICINE, LLC ) | |
| AND ORTHOPEDIC CENTER, and ) | |
| LEMAK SPORTS MEDICINE, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is a complaint for legal and equitable relief to redress violations by the Defendant of the Plaintiff's rights secured by:

   a. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.; and

   b. the laws of the State of Alabama.

2. Federal subject matter jurisdiction exists pursuant to:

   a. 28 U.S.C. §§ 1331, 1367; and

   b. Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. §2000e, et seq.;

## PARTIES

3.  Plaintiff, Erika Rexrode, is a resident of Jefferson County, Alabama, and is over the age of nineteen. Rexrode was employed by Alabama Sports Medicine and Orthopaedic Center, in Birmingham, Alabama when the actions of which she complains took place.

4.  Defendant, Alabama Sports Medicine and Orthopedic Center, is a corporation organized pursuant to the laws of the State of Alabama. At all times relevant to this Complaint, Alabama Sports Medicine and Orthopaedic Center, was doing business in Jefferson County, Alabama. Defendant employs at least fifteen (15) persons within the meaning of Title VII, 42 U.S.C. § 2000e(b) at all relevant times herein.

5.  Defendant, Andrews Sports Medicine and Orthopedic Center, is a corporation organized pursuant to the laws of the State of Alabama. At all times relevant to this Complaint, Andrews Sports Medicine and Orthopedic Center, was doing business in Jefferson County, Alabama. Defendant employs at least fifteen (15) persons within the meaning of Title VII, 42 U.S.C. § 2000e(b) at all relevant times herein.

6.  Defendant, Lemak Sports Medicine, is a corporation organized

pursuant to the laws of the State of Alabama. At all times relevant to this Complaint, Lemak Sports Medicine, was doing business in Jefferson County, Alabama. Defendant employs at least fifteen (15) persons within the meaning of Title VII, 42 U.S.C. § 2000e(b) at all relevant times herein.

7. Defendants, Andrews Sports Medicine and Orthopedic Center and Lemak Sports Medicine, LLC, are separate entities formed after or at the time of the dissolution of Alabama Sports Medicine and Orthopedic Center.

## NATURE OF ACTION

8. Plaintiff brings this action against Alabama Sports Medicine and Orthopaedic Group, for unlawful employment practices and acts of intentional gender discrimination, sexual harassment and retaliation that occurred during her employment. Plaintiff also alleges state law claims of negligent hiring, training, supervision and retention under Alabama law. Jurisdiction over Plaintiff's claim based on Alabama law exists under the doctrine of supplemental jurisdiction, 28, U.S. C. §1367. Plaintiff brings this action against Andrews Sports Medicine and Orthopedic Center and Lemak Sports Medicine, LLC for unlawful employment practices, specifically retaliation for Plaintiff opposing the employment practices of Alabama Sports Medicine and Orthopaedic Group.

## ADMINISTRATIVE PROCEDURES

9. On May 14, 2008, within 180 days of learning of the acts of discrimination and retaliation. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, ("EEOC"). (Attached herein as Exhibit A).

10. All prerequisites for bringing this action have been met.

## STATEMENT OF FACTS

11. Plaintiff became employed with Alabama Sports Medicine and Orthopaedic Center on or about February 2002 as a customer service representative. Within a year Plaintiff was promoted to appointment secretary for Dr. Tracy Ray, a primary care orthopedic physician.

12. Plaintiff was told by Dr. David Lemak, a physician with Alabama Sports Medicine and Orthopaedic Center, that in order to move up in the company, she would need to work for an orthopedic surgeon instead of a primary care orthopedic physician.

13. In 2005, Dr. David Lemak requested that Plaintiff start working with him because he needed a medical assistant and the move would be a promotion for Plaintiff. Plaintiff, thereafter, relying on Dr. David Lemak's representation began working for him and received a raise and promotion.

14. Around the same time period in 2005, Dr. David Lemak, during normal business hours and at work, asked Plaintiff out on a date stating that he was currently separated from his wife and was in the process of a divorce. Dr. Lemak provided he was lonely and depressed and further provided to the Plaintiff that he was attracted to her and had been for quite some time.

15. Dr. Lemak further shared various aspects and facts of his married life with Plaintiff and indeed led Plaintiff to believe that he was divorcing his wife. Further, Dr. Lemak would invite Plaintiff to accompany him on outings with his minor children and would have Plaintiff visit him at his home and the home of Dr. Lemak's parents. Based on Dr. Lemak's representation, Plaintiff engaged in a consensual relationship with him.

16. During the course of the relationship, Dr. Lemak had Plaintiff accompany him on several trips that were always very lavish expenditures that the company often paid for. It was common for Dr. Lemak to spend several hundred dollars on a meal with Plaintiff, as well as buy bottles of wine that would cost in excess of $400-$500 each. Further, Plaintiff was required to be absent from work to accompany Dr. Lemak on a trip.

17. In November 2007, Plaintiff ended the consensual relationship with Dr. Lemak, as it became apparent that he was not leaving his wife, nor getting a

divorce. During a trip to Chicago in November 2007, Plaintiff told Dr. Lemak that she was ending the relationship but would continue her employment relationship with the Group and would specifically work for him.

18. Dr. Lemak agreed and expressed that he wanted Plaintiff to continue her employment as she was a valued member of his staff and the Alabama Sports Medicine and Orthopaedic Center.

19. However, soon after ending the consensual relationship with Dr. Lemak, Plaintiff was written up in November and disciplined for not calling patients and also for being rude to patients. However, during this time, Plaintiff was off work for the funeral of her grandmother but continued to call in to work, calling patients and even directing office personnel where she kept the contact list for patients.

20. Dr. David Lemak also began threatening Plaintiff's job, using profanity toward her and refusing her time off even though Plaintiff had accrued over 200 hours of vacation and sick time with Alabama Sports Medicine and Orthopaedic Center.

21. Plaintiff complained to Dr. Lemak, her supervisor, to no avail that he was harassing and retaliating against her. Dr. Lemak also left threatening voicemails on Plaintiff's cell phone and began stalking her at her home in

company vehicles.

22. In January 2008, Plaintiff sent Dr. Lemak a letter asking that he was to cease all harassment, discrimination and retaliation in that the environment Plaintiff was working in was so hostile she could not continue to work. The environment became so hostile that Dr. Lemak would not talk to Plaintiff, would ignore her questions, and Dr. Lemak refused Plaintiff a raise in December 2007, when all other individuals did receive a raise, and would throw things on a counter at her.

23. After complaining of harassment and retaliation, a new employee was hired by the name of Kathy Johnson to help Plaintiff with daily duties to run the clinic for Dr. Lemak. When Plaintiff questioned Dr. Lemak if her job was in jeopardy, April Mulky, office manager for Lemak Sports Medicine Institute, responded that Kathy Johnson was hired to assist her.

24. Plaintiff sought legal assistance in filing an EEOC charge due to the continued harassment and retaliation. The Lemak Sports Medicine Group and the Alabama Sports Medicine and Orthopaedic Center, were both aware that Plaintiff had complained to an attorney and the company attorneys had become involved.

25. Plaintiff's employment with Alabama Sports Medicine and Orthopaedic Center was immediately terminated and even though Plaintiff had

been offered continued employment with the Lemak Sports Medicine Group after she sought an attorney to file an EEOC charge, her employment ended with that employer as well.

## COUNT ONE

### SEXUAL HARASSMENT

26. The Plaintiff, Erika Rexrode, re-alleges and incorporates by reference paragraphs 1 through 24 with the same force and effect as if fully set out in specific detail herein below.

27. This is a claim against Defendant, Alabama Sports Medicine and Orthopaedic Center, arising under Title VII of the Civil Rights Act of 1964, as amended, prohibiting sexual harassment in the workplace.

28. The conduct of the Defendant alleged herein violates Title VII because Plaintiff was required to work in a sexually hostile environment which was tainted by impermissible request for sexual favors and a perverse hostile environment based on sex, which included Plaintiff being subjected to repeated sexual harassment and intimidation over a period of time by Dr. David Lemak.

29. Plaintiff is female and a member of a protected group.

30. Plaintiff did not welcome the sexual misconduct and hostile work environment created by her supervisor, Dr. David Lemak.

31. Dr. David Lemak subjected the Plaintiff to repeated sexual harassment and intimidation causing the Plaintiff's work environment to be permeated with discriminatory conduct, ridicule, and insult that altered her work conditions, pay and benefits.

32. Dr. David Lemak touched the Plaintiff inappropriately and such touching was unwelcome. Dr. David Lemak made inappropriate and sexual comments to the Plaintiff. The touching and comments continued on a daily basis and many times throughout the day.

33. Plaintiff repeatedly told Dr. David Lemak to stop touching her, but no matter how many times Plaintiff told him to stop, Dr. Lemak continued.

34. When Plaintiff complained about Dr. Lemak's harassment she was terminated.

35. Despite Plaintiff's complaints, Dr. Lemak continued stalking and harassing Plaintiff.

36. Plaintiff complained and nothing was done to correct or discipline Dr. Lemak.

37. Such unlawful employment practices proximately caused plaintiff to suffer severe emotional distress, mental anguish, embarrassment, humiliation, shame and trauma for which she claims damages.

38. Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## COUNT TWO

## GENDER DISCRIMINATION

39. The Plaintiff, Erika Rexrode, re-alleges and incorporates by reference paragraphs 1 through 37 with the same force and effect as if fully set out in specific detail herein below.

40. Plaintiff has been discriminated against on the basis of her sex in regard to training, promotion, job assignments, job pay and terms and conditions of employment, in violation of Title VII, 42 U.S.C. §2000e, et seq. The Plaintiff has been discriminated and harassed because of her sex and has been subjected to unequal treatment. Further, the Plaintiff has been subjected to a hostile environment because of her gender.

41. Such unlawful employment practices proximately caused Plaintiff to suffer severe emotional distress, mental anguish, embarrassment, humiliation, shame and trauma for which she claims damages.

42. Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and

any and all such other relief the trier of fact may assess.

## COUNT THREE

## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

43. The Plaintiff, Erika Rexrode, re-alleges and incorporates by reference paragraphs 1 through 41 with the same force and effect as if fully set out in specific detail herein below.

44. This is a claim arising under the laws of the State of Alabama to redress the negligent hiring, training, supervision and retention of Dr. David Lemak by Alabama Sports Medicine and Orthopaedic Center.

45. Alabama Sports Medicine and Orthopaedic Center had a duty to provide the Plaintiff with a reasonably safe work environment and to follow its own policies and procedures prohibiting sexual harassment in the workplace. Further, Alabama Sports Medicine and Orthopaedic Center and Dr. David Lemak had a duty to follow the law.

46. Plaintiff reported the sexual harassment of Dr. Lemak. After Plaintiff complained, she was terminated.

47. Alabama Sports Medicine and Orthopaedic Center failed to establish an adequate policy against sexual harassment, failed to implement such policy consistently, failed to regularly and clearly communicate such policy to its agents

and employees, and failed to train and enforce its own policies to the detriment of the Plaintiff and other female employees.

48. Alabama Sports Medicine and Orthopaedic Center failed to educate and train Dr. David Lemak and other managers, supervisors, and employees on sexual harassment.

49. As a proximate result of the Defendant's conduct, Plaintiff was caused to suffer embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which she claims damages as set out below.

50. Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

## COUNT FOUR

## RETALIATION

51. The Plaintiff, Erika Rexrode, re-alleges and incorporates by reference paragraphs 1 through 49 with the same force and effect as if fully set out in specific detail herein below.

52. There existed an employer-employee relationship between Plaintiff and Defendant.

53. Plaintiff exercised her statutory rights under Title VII by

complaining to Defendant and the EEOC about the sexual harassment and hostile work environment created by supervisor, Dr. David Lemak, and thereafter was subjected to intentional retaliation by Defendant and Dr. Lemak.

54. The Defendant's conduct proximately caused the Plaintiff to suffer embarrassment, humiliation, loss of reputation, emotional distress, trauma, and mental anguish for which she claims damages as set out below.

55. Plaintiff seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorney's fees, and any and all such other relief the trier of fact may assess.

**WHEREFORE**, the plaintiff respectfully requests this Court:

A. Permanently enjoin Defendant, Alabama Sports Medicine and Orthopaedic Center, from engaging further in their discriminatory treatment of female employees similarly situated;

B. Order Alabama Sports Medicine and Orthopaedic Center, their agents, owners and employees to institute and carry out policies, practices and programs which provide equal employment opportunities for women and which eradicates the effects of its past and present unlawful employment practices, including implementing a consistent policy against sexual harassment in the work place;

C.  Order Alabama Sports Medicine and Orthopaedic Center, their agents, owners and employees to make whole Plaintiff providing appropriate front pay, back pay and other monetary relief as may be available to her, including damages for her physical, mental and emotional distress, embarrassment, humiliation and trauma;

D.  Award Plaintiff compensatory and punitive damages under the laws of the State of Alabama and the Constitution of the United States;

E.  Award Plaintiff her costs and expenses herein, including reasonable attorney's fees, where applicable; and

F.  Award such other and further relief which this Court deems appropriate under the circumstances.

Respectfully submitted,

/s/ Alicia K. Haynes
Alicia K. Haynes ASB-8237-E23A
Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama  35226
(205) 879-0377

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_____
Alicia K. Haynes

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL:**

**DEFENDANT'S ADDRESS:**

Alabama Sports Medicine and Orthopaedic Center
806 St. Vincent's Drive
Birmingham, Alabama 35205

Lemak Sports Medicine, L.L.C
513 Brookwood Blvd. Suite 350
Birmingham, Alabama 35209

Andrews Sports Medicine and Orthopaedic Center
805 St. Vincent's Drive
Birmingham, Alabama 35205