
FILED
2009 Sep-22 PM 04:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ERIKA REXRODE, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] 2:09-CV-01449-LSC |
| | ] |
| ALABAMA SPORTS MEDICINE & | ] |
| ORTHOPAEDIC CENTER, et al., | ] |
| | ] |
| Defendants. | ] |

MEMORANDUM OF OPINION

I.  Introduction.

The Court has for consideration a motion to dismiss filed by Andrews Sports Medicine and Orthopaedic Center, LLC ("Andrews Sports") (Doc. 7), and a motion for partial dismissal filed by Lemak Sports Medicine, LLC ("Lemak Sports") (Doc. 9).  Both motions seek dismissal of Counts I, II, and III of Plaintiff's Complaint for failure to state a claim.  Specifically, Andrews Sports and Lemak Sports contend that Plaintiff has failed to allege that the requisite employment relationships existed with Andrews Sports and/or Lemak Sports during the incidents that serve as the basis for her sexual

harassment, gender discrimination, and Alabama state law negligence claims. (Docs. 7-10.)

The Complaint specifies that Plaintiff "was employed by Alabama Sports Medicine and Orthopaedic Center, in Birmingham, Alabama when the actions of which she complains took place." (Doc. 1 ¶ 3.) It is also alleged that Dr. David Lemak, Plaintiff's supervisor and alleged harasser, was a "physician with Alabama Sports Medicine and Orthopaedic Center." (*Id.* ¶ 13.) And, Andrews Sports and Lemak Sports are "separate entities formed after or at the time of the dissolution of Alabama Sports Medicine and Orthopaedic Center." (*Id.* ¶ 7.)

II.   Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the

"plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level,  on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007)(internal citations omitted).[1]  The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 1974.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)(quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  All "reasonable

---

[1]The Supreme Court in *Bell Atl. Corp. v. Twombly* abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson*. *See Bell Atl. Corp.*, 127 S.Ct. at 1968 (quoting *Conley*, 355 U.S. 41, 45-46 (1957)).  The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp.*, 127 S.Ct. at 1960.

inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003)(quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997).

III.  Analysis.

In her response to Defendants' motions to dismiss, Plaintiff argues that there is no evidence to support the contention that they were *not* her employer(s) at the times in question. (Doc. 21.) She does not dispute that an employment relationship with her and an employment relationship with Dr. Lemak are essential elements for her sexual harassment, gender discrimination, and Alabama state law negligence claims. *See, e.g., Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1242-43 (11th Cir.

1998); *Lane v. Cent. Bank of Ala., N.A.*, 425 So.2d 1098, 1100 (Ala. 1983). Rather, Plaintiff maintains discovery is needed to ascertain the timeline of employment relationships with each entity. (Doc. 21.)

However, Defendants' motions are based solely on the allegations of the Complaint, or lack thereof. Plaintiff is obligated to plead "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp.*, 127 S.Ct. at 1974. Plaintiff has not alleged in the Complaint that Andrews Sports and/or Lemak Sports employed her or Dr. Lemak during the time period relevant to her sexual harassment, gender discrimination, and Alabama state law negligence claims. Furthermore, under "Nature of Action" in the Complaint, Plaintiff states that she is bringing her claims for intentional gender discrimination, sexual harassment, retaliation, and negligence claims against Alabama Sports Medicine and Orthopaedic Group; but, she brings her action "against Andrews Sports Medicine and Orthopaedic Center and Lemak Sports Medicine, LLC for unlawful employment practices, *specifically retaliation . . . .*" (Doc. 1 ¶ 8.) Because it is clear that Plaintiff has failed to state a claim against Andrews Sports and Lemak Sports with regard to her actions for gender discrimination, sexual harassment, and negligence,

Andrews Sports and Lemak Sports are entitled to dismissal of Counts I, II, and III of the Complaint.

IV.   Conclusion.

For the reasons outlined above, Defendants' motions to dismiss will be granted. A separate order will be entered.

Done this <u>22nd</u> day of <u>September 2009</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297